UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, CDCR #P-63853,<br><br>                   Plaintiff,<br><br>   v.<br><br>GODINEZ; RENTERIA; RAMIREZ; DIAZ; STRAYHORN; OLIVARRIA; RUTLEGE; JOHN DOES,<br><br>                  Defendant. | Case No.: 3:18-cv-1534-DMS-JMA<br><br>**ORDER:**<br><br>**(1) DENYING MOTION AND SUPPLEMENTAL MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. Nos. 3, 5]; AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a);** |

     Plaintiff, Tony Asberry, a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"), along with a Supplemental Motion to Proceed IFP (ECF Doc. Nos. 3, 5).

/ / /

1

In his Complaint, Plaintiff alleges his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California in 2017.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." Id. In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state

a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

///
///
///
///

They are:

1) *Asberry v. Cate, et al.*, Civil Case No. 3:13-cv-00055-MMA-DHB (S.D. Cal. Feb. 25, 2013) (Order Dismissing Action for failing to state a claim) (strike one);

2) *Asberry v. Cate, et al.*, Civil Case No. 3:13-cv-02573-WQH-JLB (S.D. Cal. Oct. 28, 2014) (Order Dismissing Action for failing to state a claim and failing to comply with Court Order) (strike two);

3) *Asberry v. Cate, et al.*, Civil Case No. 3:13-cv-03006-CAB-RBB (S.D. Cal. Dec. 27, 2013) (Order Dismissing Action for failing to state a claim and as frivolous) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.    Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP and Supplemental Motion to Proceed IFP (ECF Nos. 3, 5) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4

3:18-cv-1534-DMS-JMA

4) **DIRECTS** the Clerk of Court to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: September 10, 2018

Hon. Dana M. Sabraw
United States District Judge